**Edward A. ZAK and Charlotte Zak, Plaintiffs-Appellants,**

v.

**Anthony PILLA, et al., Defendants-Appellees.**

No. 81–3694.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 1982.

---

**2.** In justice to counsel for Bankers and Shippers, we note that they are aware of this circumstance and unsuccessfully sought en banc hearing of this appeal. Perhaps in part because of our strong aversion to such direct en banc proceedings before panel consideration of an appeal, this was denied.

Eugene Sidney Bayer, Cleveland, Ohio, for plaintiffs-appellants.

Timothy T. Reid, Cleveland, Ohio, for defendants-appellees.

Before MARTIN and WELLFORD, Circuit Judges, and PRATT,* District Judge.

PER CURIAM.

This purported civil rights action, under 42 U.S.C. § 1983, involves appellants' assertion that the appellee Catholic adoption agency and certain officials thereof arbitrarily and unreasonably withheld approval of their application to adopt a child. Appellants, husband and wife claim also that defendants have failed to disclose reasons for withholding such approval. Appellants charge a denial of their rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, since defendants did

* The Honorable Philip Pratt, United States District Judge for the Eastern District of Michigan,

not affirmatively act on their application after several years and a series of tests and counselling sessions.

The district court dismissed appellants' complaint under the doctrine of abstention. This court affirms the dismissal but on other grounds. Appellants do not assert a cause of action under 42 U.S.C. § 1983, nor do they have a protected constitutional interest as parents seeking an adoption, particularly since they do not even assert any custodial right nor that there has been a final denial of their application to adopt a child. Even had appellants asserted such a final denial, however, this cause of action should be properly dismissed by a federal district court for lack of jurisdiction.

Federal courts traditionally decline to accept jurisdiction in parent-child, domestic relations or custody disputes and in adoption matters which are subject to state law and state court disposition. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979). Even where parents have enjoyed temporary custody of an adoptive child under state adoption agency procedures, they do not necessarily acquire a constitutionally protected interest so as to invoke federal jurisdiction. *Drummond v. Fulton Cty. Dept.,* 563 F.2d 1200 (5th Cir.1977); *Smith v. Organization of Foster Families,* 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977).

> "Traditionally, disputes involving domestic relations including child custody and adoption proceedings, have been thought to be wholly within the province of the state courts. The cases recognize the 'local' nature of domestic relations problems, the strong interest of the states in addressing such questions without interference, and the expertise of local agencies and courts in monitoring and resolving domestic relations matters."

*Anh v. Levi,* 586 F.2d 625, 632 (6th Cir. 1978).

sitting by designation.

Accordingly, it is ordered that the judgment of the district court be, and hereby is, AFFIRMED.