779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOE L. EDWARDS, Plaintiff-Appellant,
v.
HAROLD R. GOLDBERG; ANNETTA EDWARDS TURNER; JOHN R. KIRWIN;
SECRETARY OF HEALTH AND HUMAN SERVICES; HULDAH LIEBERMAN;
MARIANNE O. BATTANI; FORD MOTOR COMPANY, PENSION DIV.,
U.A.W.; WILLIAM LEO CAHALAN, Defendants-Appellees.
 84-1728
 United States Court of Appeals, Sixth Circuit.
 10/7/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 This pro se Michigan plaintiff appeals from a district court judgment adopting the Magistrate's report and recommendation to dismiss plaintiff's civil rights complaint on the bases of judicial immunity, Younger abstention and under the doctrines of res judicata and collateral estoppel.
 
 
 2
 Filing his complaint under multiple civil rights statutes and seeking declaratory, injunctive and monetary relief, plaintiff sued the above-styled defendants alleging that they have all conspired to illegally have deductions be taken from his exempt disability and Ford pension benefits in order to satisfy a state court judgment for child support entered in conjunction with his divorce decree in 1974. Plaintiff made many allegations charging that he is not liable for child support payments because his children have attained the age of eighteen, his ex-wife has remarried, and he was not afforded due process notice and a hearing before the state court orders of garnishment were issued upon his disability and pension benefits.
 
 
 3
 Upon review of the parties' appellate arguments presented to this Court which included the plaintiff's claims asserted in the district court and claims that he should have received a hearing in the district court, this Court concludes that plaintiff's lawsuit was properly dismissed for several reasons. Under the circumstances of this case, principles of comity amply support the district court's decision to abstain from exercising jurisdiction over plaintiff's lawsuit on the basis of Younger abstention. See Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 431-32 (1982); Parker v. Turner, 626 F.2d 1 (6th Cir. 1980). In addition, it is clear that the federal courts generally lack jurisdiction to review domestic relations matters like this one which would require the federal courts to review plaintiff's divorce decree, the status of his former wife and children, and the legality of state court processes. Zak v. Pilla, 698 F.2d 800 (6th Cir. 1982) (per curiam); Firestone v. Cleveland Trust Co., 654 F.2d 1212 (6th Cir. 1981); Parker v. Turner, 626 F.2d at 7-8. In addition, the dismissal of plaintiff's suit was proper because the plaintiff seeks redress for deprivation of property without procedural due process for which he is seeking adequate redress in the Michigan state courts. Parratt v. Taylor, 451 U.S. 527 (1981); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S.Ct. 125 (1984).
 
 
 4
 Finally, it is also clear that the plaintiff's primary appellate argument concerning the exempt status of his social security benefits is without merit. Under 42 U.S.C. Secs. 662(f)(2) and 659(a), social security benefits are subject to orders of garnishment to satisfy child support obligations; and, the government is not liable for honoring such a writ of garnishment even if the issuing court lacked personal jurisdiction over the obligator. United States v. Morton, ---- U.S. ----, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984); Loftin v. Rush, 767 F.2d 800 (11th Cir. 1985).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed for the aforementioned reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.