Emily LOWERS, Plaintiff,

v.

CITY OF STREATOR; David Kaschak, Former Streator Police Chief; Lee Sember, Streator Police Sergeant; Officer Edwards, Streator Police Officer; Joe Harcar, Streator Police Detective; Officer Dodwell, Streator Police Detective, Defendants.

No. 85 C 6249.

United States District Court, N.D. Illinois, E.D.

Dec. 6, 1985.

Jan Susler, Charles Hoffman, Chicago, Ill., for Emily Lowers.

Gladys Stevens, Office of Atty. Gen., Chicago, Ill., for Officer Dodwell.

Stephen E. Ford, Mark S. Vilimek, Jo M. Bonell, R. Howard Jump, Kiesler & Berman, Chicago, Ill., for City of Streator, David Kaschak, Former Streator Police Chief, Lee Sember, Streator Police Sergeant, Officer Edwards, Streator Police Officer, Joe Harcar and Officer Dodwell, Streator Police Detectives.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on defendants' motions to dismiss. The granting of defendants' motions would be improper unless the court determines that it appears beyond doubt that plaintiff can prove no set of facts to support a claim which entitles her to relief. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). Further, when making that determination, all the allegations in the complaint must be taken as true and construed in a light most favorable to plaintiff. *Greene v. Finley,* 749 F.2d 467, 468 (7th Cir.1984).

On December 11, 1982, a man broke into plaintiff's home and raped her. Plaintiff immediately reported the incident to the police department of the defendant city. The defendant police officers, Edwards and Kaschak, instructed her to go to the hospital for tests. Thereafter, plaintiff returned to the police station where she gave a statement of the incident, provided defendants with a description of the rapist, and identified him from police photographs. Defendants, officers Sember and Dodwell, then accompanied her to her home to investigate the scene of the crime where defendant Dodwell told her that he had seen situations similar to this one before and warned that the rapist would return and repeat the crime.

On December 15, 1982, on instructions from defendant Sember, plaintiff submitted to a polygraph examination regarding the rape; that examination revealed that she was telling the truth. Thereafter, approximately once a week, plaintiff spoke to defendants to inquire about the progress of their investigation and to state her willingness to identify the rapist from a lineup. Defendants took no action in the matter: they did not write police reports; they did not question or take into custody the man identified; and they did not process the evidence collected. On May 26, 1983, the same man broke into the plaintiff's home and raped her again. This time, on receiving plaintiff's statement, defendants arrested the man; he subsequently pled guilty to both rapes. Based on these facts, plaintiff brought this 42 U.S.C. § 1983 action.

In support of their motions, defendants first argue that plaintiff's § 1983 claim, filed more than two years after the challenged action, is time barred. This court has previously held that the Illinois

limitations statute to be applied in § 1983 actions is Ill.Rev.Stat. ch. 110, ¶ 13–205 (1983), which provides for a five-year limitation period. *Bigley v. Kodatt,* 87–5590 (N.D.Ill. Sept. 20, 1985) *(citing Shorters v. City of Chicago,* 617 F.Supp. 661 (N.D.Ill. 1985)). Plaintiff's suit was filed well within that five-year period and is therefore timely.

Defendant Dodwell, in a separate motion, argues that plaintiff has failed to state a cause of action upon which relief can be granted because she does not allege the existence of a constitutional right and a corresponding duty on defendant's part to protect that right.

Section 1983 imposes liability on anyone who under color of state law "subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution...." 42 U.S.C. § 1983. Accordingly, the statute applies only where a party is deprived of a constitutional right. Plaintiff's § 1983 claim alleges that defendants' actions, in failing to protect her after the first rape, deprived her of Fourteenth Amendment rights to due process and equal protection.

Generally, there is no constitutional right, either in the due process clause or the equal protection clause, to be protected against being attacked or raped by a member of the general public. And consequently there is no corresponding duty placed on the state and its officers requiring them to act when members of the general public are in danger. *Bowers v. De Vito,* 686 F.2d 616, 618 (7th Cir.1982). However, there are two recognized exceptions to this general rule. The first is where the state has created a custodial or other special relationship with the plaintiff. *Jackson v. Byrne,* 738 F.2d 1443, 1447 (7th Cir.1984). In those situations, the state and its officers have a duty, under the due process clause to provide those special individuals with protection. *Id.* at 1447. The second exception is where the state discriminates in providing protection to members of the public; those situations "of course violate the equal protection clause of the Fourteenth Amendment." *Bowers,*

686 F.2d at 618. Taking the facts alleged as true, plaintiff comes within both exceptions and therefore states a claim under § 1983.

The notion that the due process clause creates a duty to protect and a corresponding right to be protected where a "special relationship" exists between the state and an individual, originated in the Supreme Court opinion of *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). There the Court, while affirming the dismissal of a suit against the state parole board seeking damages for a death caused by a parolee, noted that "the parole board was not aware that appellant's decedent, as distinguished from the public at large, faced any special danger." *Id.* at 285, 100 S.Ct. at 559. In this regard, the court of appeals in this circuit has held that "a right and corollary duty to basic protective services may arise out of special relationships created or assumed by a municipality in regard to particular people." *Ellsworth v. City of Racine,* 774 F.2d 182, 185 (7th Cir.1985). The court has also recognized that the contours of what constitutes such a special relationship are "hazy and indistinct." *Id.* at 185.

Plaintiff alleges that defendants investigated the first rape and warned her that the rapist would return to her home and repeat the crime. These facts certainly made defendant aware that plaintiff faced a special danger, as distinguished from the public at large. This, coupled with defendants having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon plaintiff the right to be protected. *See Estate of Bailey By Oare v. County of York,* 768 F.2d 503, 510–11 (3d Cir.1985); *Jensen v. Conrad,* 747 F.2d 185, 195 n. 11 (4th Cir.1984).

As to the equal protection exception, plaintiff alleges that defendants' failure to arrest the rapist and to continue the investigation was a result of her being a woman. This allegation is sufficient to state a claim under § 1983. *Jackson v. City of Joliet,* 715 F.2d 1200, 1203 (7th

Cir.1983); *Jackson v. Byrne*, 738 F.2d 1443, 1447 (7th Cir.1984).

Finally, although the parties have not presented the issue, the court notes that the complaint sufficiently alleges a policy of the defendant city, to discourage the vigorous prosecution of violent crimes against women, so as to state a § 1983 claim against it. *Monell v. New York City Department of Social Service*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). While this case is different from *Monell*, where the city had an official policy embodied in a municipal regulation, the complaint here alleges a sufficient pattern of activity over nearly a six-month period to indicate a deliberate indifference on the part of the defendant city. *Thurman v. City of Torrington*, 595 F.Supp. 1521, 1530 (D.Conn.1984). This pattern of behavior is sufficient to at least raise the inference of a policy on the part of the city. *Id.* at 1530; *Turpin v. Mailet*, 619 F.2d 196, 201–02 (2d Cir.1980).

Therefore, because plaintiff's complaint was timely filed and sufficiently alleges facts to state a claim upon which relief can be granted, the court denies defendants' motions to dismiss.

So Ordered.