**Sandra BARTALONE, Plaintiff,**

v.

**COUNTY OF BERRIEN, Riverwood Community Mental Health Center, Dr. S. Prasad Sajja, Dr. Charles Payne, Township of Benton, Chief Jack Drach and Officer Keith Diamond, Jointly and Severally, Defendants.**

**No. K85–575.**

United States District Court, W.D. Michigan, S.D.

Sept. 16, 1986.

Peter Kosick, St. Joseph, Mich., for plaintiff.

John Fish, Kalamazoo, Mich., for Benton Tp., Diamond and Drach.

Henry Cooney, Detroit, Mich., for Berrien County, Riverwood Community, Sajja and Payne.

## OPINION

ENSLEN, District Judge.

Presently before the Court in this case is defendants Township of Benton, Jack Drach, and Keith Diamond's February 12, 1986 Motion to Dismiss. For the reasons discussed below, the Court will deny defendants' motion in part and grant it in part.

*Facts*

Plaintiff filed her complaint in this matter on December 17, 1985. As part of her complaint, plaintiff alleges that defendant Diamond had violated her constitutional rights to equal protection of the laws and equal privileges and immunities under the law by failing to act on her report of abuse by her husband, and thus proximately causing the gunshot wounds she later suffered at the hands of her husband; that defendant Drach had violated her constitutional rights by negligently and/or consciously failing "to implement a pattern[ ], custom or policy of arrest of a spouse for spousal abuse"; and that defendant Township of Benton similarly had violated her constitutional rights by condoning "an unconstitutional pattern or practice of affording inadequate protection, or no protection at all, to women who have complained of having been abused by their husbands or others with whom they have had close relations." Complaint, ¶¶ 33–47. Plaintiff's claims arise out of two incidents. On the afternoon of October 31, 1984 she was physically abused and threatened by her late husband, John Bartalone. At approximately 7:15 p.m. on the 31st plaintiff reported this incident of abuse to defendant Keith Diamond. She told Officer Diamond, among other things, that her husband had threatened to kill her if she reported the incident to the police. Plaintiff also advised Officer Diamond of the car her husband was driving and where he worked, and requested that he be picked up. Complaint, ¶ 33.H. Plaintiff alleges that Officer Diamond told her that the police would arrest her husband, using a traffic violation as a pretense for the arrest.

The Benton Township Police Department failed to take any action against plaintiff's husband, however. On November 13, 1984 Mr. Bartalone appeared at plaintiff's place of employment armed with a loaded shotgun. He confronted plaintiff with the shotgun, a struggle followed, and plaintiff was shot and wounded in the abdomen and upper leg area. Mr. Bartalone thereafter killed himself, in plaintiff's presence.

Defendants allege in their motion to dismiss that plaintiff has failed to state a claim for relief under section 1983. They argue first that their alleged failure to have responded to plaintiff's October 31st complaint did not violate her constitutional rights. Specifically, defendants argue 1) that they were under no specific or affirmative duty to protect plaintiff from her husband, and that in any event one isolated incident would not constitute a violation of her constitutional rights; 2) that the Constitution does not protect individuals against the non-use, as opposed to abuse, of governmental power; and 3) that a claim of negligent conduct is not actionable under section 1983. Defendants Drach and Township of Benton also argue that plaintiff has failed to allege adequately that they have established or condoned an unconstitutional policy or practice of not protecting assaulted spouses.

The Court addressed defendants' contentions in an opinion issued on June 3, 1986. I found at that time that the parties had not adequately briefed the issues defendants raise in their motion. I thus ordered them to file supplemental briefs. They have done so, and the Court is prepared to rule on defendants' motion.

### Standard

Defendants apparently bring their motion under Federal Rule of Civil Procedure 12(b)(6). A court can dismiss a complaint pursuant to this rule only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### Discussion

The Court will divide its discussion into two parts. I will first discuss whether plaintiff's allegation that defendant Diamond failed to take any action to protect her from her husband adequately states a claim for relief under section 1983. I will then discuss whether plaintiff has adequately stated a claim of supervisory and/or municipal liability against defendants Township of Benton and Drach.

### A. Claim Based on Defendants' Failure to Act

The first issue the Court must resolve is whether defendants' alleged failure to have acted to protect plaintiff against a future attack from her husband violated her constitutional rights and thus provides a basis for relief under section 1983. Plaintiff alleges that defendant Diamond's failure to have protected her "from the threats of assaults by her husband" and to have arrested her husband "constituted a denial of the equal protection of the law and equal privileges and immunities under the law guaranteed ... by the Fourth and Fourteenth Amendments of the Constitution of the United States." Complaint, ¶ 36. She further alleges that defendant Diamond's inaction was a "conscious choice." *Id.* at ¶ 44.

The equal protection clause of the fourteenth amendment guarantees to every person within the United States the right to equal protection of the laws. U.S. Const. amend. 14. This clause applies to the activities of police agencies, and protects persons from irrational discrimination in either acts of commission or omission. *See Smith v. Ross*, 482 F.2d 33, 36–37 (6th Cir.1973). Police officers and agencies who are under an affirmative duty to protect persons within their area of authority must fulfill this duty without intentionally discriminating against such persons on an irrational basis. *See id.* at 36–37 ("a law enforcement officer can be liable under § 1983 when by his inaction he fails to perform a statutorily imposed duty to enforce the laws equally and fairly, and thereby denies equal protection" of the law); *cf. Personnel Administrator v. Feeney*, 442 U.S. 256, 274, 99 S.Ct. 2282, 2293, 60 L.Ed.2d 870 (1979) ("purposeful discrimination is 'the condition that offends the Constitution'") (quoting *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 16, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554 (1971)). As the Sixth Circuit

indicated in *Smith*, a section 1983 plaintiff must allege and establish that the defendant failed to fulfill an affirmative duty to enforce the laws equally and fairly. Stated differently, if a police officer is under a duty to protect persons within the area of his authority, he must do so on a fair and equal basis. The equal protection clause requires him to perform his duties without intentionally discriminating on an irrational basis. *See Dudosh v. City of Allentown*, 629 F.Supp. 849, 851–56 (E.D.Pa.1985).

As at least one court has noted, police officers are under a general duty "to preserve law and order, and to protect the personal safety of persons in the community." *Thurman v. City of Torrington*, 595 F.Supp. 1521, 1527 (D.Conn.1984). In particular, "[i]f officials have notice of the possibility of attacks on women in domestic relationships or other persons, they are under an affirmative duty to take reasonable measures to protect the personal safety of such persons in the community. Failure to perform this duty would constitute a denial of equal protection of the laws." *Id.* Police officials cannot refuse to protect a particular class of persons, when under the same or similar circumstances they would protect others, without a rational reason for doing so. *See Lowers v. City of Streator*, 627 F.Supp. 244 (N.D.Ill.1985) (although there is no general constitutional right to police protection, the state may not discriminate in "providing protection to members of the public"); *cf. Estate of Gilmore v. Buckley*, 787 F.2d 714, 720 n. 11 (1st Cir.1986).

The plaintiff in this case argues that her October 31st complaint imposed a duty on defendant Diamond to take action to protect her from her husband, and that he failed to take such action because of her sex or marital status, or both. She also alleges that defendant Diamond's inaction was a conscious choice on his part, and not merely a negligent failure to act on her complaint. *See* Complaint ¶ 44. The Court accordingly believes that plaintiff has stated an adequate claim for relief against defendant Diamond. Simply stated, defendant Diamond may have violated plaintiff's constitutional right to equal protection of the laws if he intentionally failed to act on her October 31st complaint at least in part because she was a spouse seeking protection from an abusive husband.

Whether plaintiff had requested the police not to arrest her husband and whether plaintiff and her husband lived and/or worked within the jurisdiction of the Benton Township Police Department are factual issues that the Court cannot resolve on a motion to dismiss. Unlike the case with the plaintiff's son in *Thurman*, moreover, defendant Diamond had notice prior to the November 13th shooting that plaintiff was being threatened by her husband. *Compare Thurman*, 595 F.Supp. at 1529 (the son alleged no attacks prior to the one in question). Finally, defendants have offered no justification for failing to act on plaintiff's October 31st complaint which the Court can consider in deciding this motion. I accordingly must deny defendants' motion to dismiss on this ground.

B. Defendants Drach and the Township of Benton's Liability

Defendants Drach and the Township of Benton argue that plaintiff has failed to allege that they are liable for any constitutional injury she may have suffered. To hold defendant Drach liable for her injury, plaintiff must allege and establish that he "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of defendant Diamond. *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.1982), *cert. denied*, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1983). She can hold the Township of Benton liable only if she alleges and establishes that the deprivation she suffered by defendant Diamond's inaction "was the result of municipal 'custom or policy.'" *Oklahoma City v. Tuttle*, 471 U.S. 808, ——, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791, 800 (1985), *quoting Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). I will deal with each defendant separately.

■ With regard to defendant Drach, plaintiff argues that he negligently failed "to implement a pattern custom or policy of arrest of a spouse for spousal abuse", ¶ 37, and that he consciously chose not "to institute, promulgate, publish and enforce a policy of police intervention in spouse abuse cases." *Id.* at ¶ 44. This latter allegation sufficiently states a claim under *Hays.* A conscious choice not to establish or to enforce a procedure for treating spouse abuse victims on an equal basis as other persons could constitute authorization or approval of, or knowing acquiesence in, unconstitutional conduct. *See Hays,* 668 F.2d at 874 (liability may result "where there is essentially a complete failure to train the police force, or training that is so reckless or grossly negligent that future police misconduct is almost inevitable").

■ The former allegation, however, is deficient. The Sixth Circuit indicated in *Hays* that negligence is not an adequate basis for imposing supervisory liability. Although this Court has in the past questioned the Sixth Circuit's ruling in *Hays* on this point, *Lopez v. Ruhl,* 584 F.Supp. 639, 649 & n. 7 (W.D.Mich.1984); *see also Brandon v. Allen,* 719 F.2d 151, 153–54 (6th Cir.1983); *rev'd on other grounds sub nom., Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), I believe that the Supreme Court's recent holding in *Pembaur v. City of Cincinnati* that "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question" reinforces the *Hays* decision. *Pembaur v. City of Cincinnati,* — U.S. —, —, 106 S.Ct. 1292, 89 L.Ed.2d 452, 456 (1986); *see Estate of Bailey v. County of York,* 768 F.2d 503, 508 (3d Cir.1985). Although the standard for supervisory liability may not always be precisely the same as that for municipal liability, *Pembaur* indicates that a supervisory official may not be held liable solely on the basis of negligent conduct. The Court accordingly will give plaintiff thirty days from the date of this opinion to file an amended complaint properly setting forth a claim for relief under paragraph 37 against defendant Drach.

With regard to defendant Township of Benton, the Court finds that plaintiff has not sufficiently stated a claim of municipal liability. Plaintiff alleges that the Township has condoned "an unconstitutional pattern or practice of affording inadequate protection, or no protection at all, to women who have complained of having been abused by their husbands or others with whom they have had close relations." Complaint, ¶ 38. She further alleges that the Township consciously decided not "to institute, promulgate, publish and enforce a policy of police intervention in spouse abuse cases." *Id.* at ¶ 44. Plaintiff thus has alleged, as required by *Pembaur,* that the Township made "a deliberate choice" from among various alternatives to pursue a specific policy of nonintervention.

■ Generally this allegation would suffice under rule 8(a)'s notice pleading standard. FRCP 8(a). As defendants argue, however, courts have imposed a more stringent standard of pleading in this kind of case. Specifically, plaintiff must do more than allege the existence of a policy or practice of nonresponse in spouse abuse cases. The Supreme Court held in *Tuttle* that proof of a single incident of wrongdoing cannot always suffice by itself to establish a policy, pattern or practice of wrongdoing. *Tuttle,* 471 U.S. at — – —, 105 S.Ct. at 2433–35, 85 L.Ed.2d at 801–03. Consequently, courts have held that a plaintiff seeking to allege municipal liability generally "must set forth facts showing the existence of the offending custom or policy." *Loza v. Lynch,* 625 F.Supp. 850, 853 (D.Conn.1986). Absent a situation where municipal liability may arise from "a single decision by municipal policymakers", *Pembaur,* — U.S. at —, 106 S.Ct. at 1298, 89 L.Ed.2d at 463, an allegation that the municipal defendant maintained an unconstitutional policy or practice requires some supporting details. In essence, a

plaintiff must allege sufficient facts to show that the wrong she suffered was due to a municipal policy, practice, or custom and was not simply the isolated action of a single nonpolicymaking wrongdoer. *See Loza,* 625 F.Supp. at 854; *Lowers,* 627 F.Supp. at 247.

Plaintiff alleges in her complaint that the township has long "condoned an unconstitutional pattern or practice of affording inadequate protection, or no protection at all, to women who have complained of having been abused by their husbands or others with whom they have had close relations" and that this "pattern, custom or policy continues to this date." Complaint, ¶¶ 38–39. She also alleges that the township's failure to have taken action against the individual defendants for their failure to have protected her evinces the existence of this pattern, custom or policy. *Id.* at ¶ 39. I do not believe, however, that plaintiff's complaint satisfies the standards established in *Loza* and *Lowers.* Although failure to remedy a wrongful act can be evidence of a policy or custom, *see Grandstaff v. City of Borger,* 767 F.2d 161, 170–72 (5th Cir.1985), I find that plaintiff must allege something more than that the township failed to take action against the individual defendants. She must allege sufficient facts to establish the probable existence of the pattern, custom, or policy of which she complains.

In accordance with this opinion, I will enter an order denying defendant's motion to dismiss as to defendants Diamond and Drach. I will grant plaintiff thirty days from the date of this opinion to file an appropriate amended complaint against defendant the Township of Benton. If she fails to do so, the Township may renew its motion to dismiss.