Donald WILLIAMS and wife, Janie Williams, and Teresa Williams, by next friends, Donald Williams and Janie Williams, Plaintiffs–Appellees,

v.

Debbie POLLARD and the Tennessee Department of Human Services, Defendants–Appellants.

No. 93–6442.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1994.

Decided Jan. 25, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 9, 1995.

David O. Day (argued and briefed), Michael H. Knowlton (briefed), Robert V. Durham (briefed), Cookeville, TN, for plaintiffs-appellees.

Dianne Stamey Dycus, Asst. Atty. Gen. (argued and briefed), Office of the Atty. Gen., Crim. Justice Div., Nashville, TN, for defendants-appellants.

Before: JONES, SILER, and GODBOLD *, Circuit Judges.

SILER, Circuit Judge.

■ Defendants, Debbie Pollard and the Tennessee Department of Human Services, appeal the district court's denial of their motions for summary judgment. This case falls under the appellate jurisdiction of this court pursuant to the collateral order doctrine. *See Rich v. Mayfield Heights,* 955 F.2d 1092, 1094 (6th Cir.1992). The issue before the court is whether Pollard, a social worker, is protected by qualified immunity. For reasons stated herein, we find that she is.

## I.

On October 29, 1992, Teresa Williams accompanied her cousin, Karen Lewis, to the counselor's office at the White County Alternative School. School officials testified that both girls claimed to be afraid to go home because they were being abused. The plaintiffs, however, claim that only Karen was afraid to go home, and that Karen had persuaded Teresa to accompany her to the counselor's office. The school's guidance counselor, Sandra Sparkman, interviewed the girls. Sparkman stated that both girls refused to go home and chose to stay and wait for a Department of Human Services counselor.

A confidential referral was then made to the Tennessee Department of Human Services, which, in turn, requested that one of its counselors, Pollard, go to the school to investigate the matter. Pollard arrived at the school at 3:47 p.m. and interviewed the girls. There is some dispute over whether Teresa told Pollard that she was afraid to go home for fear of abuse. The record also indicates some dispute as to whether Teresa informed Pollard that she had once been the victim of sexual abuse.

Pollard waited with the girls at the school until 5:55 p.m., when a law enforcement officer arrived to transport the girls to a safe place, the White County Jail, pending an interview with the girls' parents. Teresa stated that she asked Pollard to call her parents to tell them where she was, and Pollard refused. Upon arriving at the sheriff's office, Pollard was confronted by Teresa's parents, who took their daughter home.

The Williams family brought suit against Pollard and the Tennessee Department of Human Services, alleging a violation of their constitutional right to family integrity. They also asserted pendent state law claims against Pollard for false imprisonment, assault and battery, defamation, and intentional infliction of emotional distress.

■ Pollard claims that the district court erred in holding that she was not entitled to qualified immunity as a matter of law. The issue of qualified immunity is a question of law to be resolved by the judge, not the jury. *Heflin v. Stewart County,* 958 F.2d 709, 717 (6th Cir.), *on partial rehearing,* 968 F.2d 1 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 598, 121 L.Ed.2d 535 (1992). It is, therefore, reviewable *de novo,* with no deference due the district court's conclusion. *See Walton v. Southfield,* 995 F.2d 1331, 1335 (6th Cir.1993) (*de novo* review); *Ramirez v. Webb,* 835 F.2d 1153, 1156 (6th Cir.1987) (no deference due).

## II.

■ The critical question is whether Pollard is entitled to qualified immunity as a matter of law. In order to survive a motion for summary judgment based on qualified immunity, plaintiffs must effectively pass two hurdles:

> First, the allegations must state a claim of the violation of clearly established law. Second, the plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant in fact committed the acts that violated the law.

*Adams v. Metiva,* 31 F.3d 375, 386 (6th Cir.1994), *citing Russo v. City of Cincinnati,* 953 F.2d 1036, 1043 (6th Cir.1992).

■ Plaintiffs allege that Pollard violated their liberty interest in the integrity of their family by interfering with the custody of their child. Parents' liberty interest in the custody of their children is a clearly estab-

* The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

lished constitutional right subject to due process protection. *Hooks v. Hooks,* 771 F.2d 935, 941 (6th Cir.1985). This liberty interest is not absolute, however, but is subject to exceptions. Assuming, arguendo, that the Williams' liberty interest in custody of their child is clearly established and not subject to an exception under the circumstances presented, the determinative issue is whether plaintiffs have alleged sufficient facts supported by sufficient evidence to indicate that Pollard's actions were objectively unreasonable in light of plaintiffs' clearly established constitutional rights. *Adams v. Metiva,* 31 F.3d at 387.

If the material facts regarding the objective reasonableness of Pollard's actions had been disputed, then the trial court would have been correct in holding that the issues of fact must go to the jury, with the ultimate question of qualified immunity, of course, then to be determined by the court. *See Heflin v. Stewart County,* 958 F.2d 709, 717 (6th Cir.1992). Defendant, however, has provided undisputed facts in support of a finding that her actions were objectively reasonable.

The plaintiffs seem to focus on Teresa's claim that she never told Pollard that she had been the victim of abuse. The plaintiffs failed to produce evidence, however, to dispute defendant's evidence that: (1) both girls, Teresa and Karen, reported to the vice-principal's staff that they were being abused at home; (2) in a conversation with the school's guidance counselor, Sandra Sparkman, "[b]oth girls indicated they feared severe punishment if they went home ... and stated that they would run away if sent home"; and (3) the secretary of the White County Department of Human Services "received a referral that Teresa Williams and another girl were alleging their parents had abused them and were refusing to go home," immediately after which the secretary "paged Debra Pollard Ward and advised her of the referral."

A careful review of the evidence offered by plaintiffs reveals that they have not produced sufficient evidence to create a genuine issue as to whether Pollard lacked reason to believe that Teresa had been a victim of or feared abuse. A reasonable social services worker in Pollard's position would have found that an emergency situation existed warranting temporary interference with the Williams' custody of their daughter. Viewing the evidence in a light most favorable to the plaintiff, we find that it is objectively reasonable for a social worker receiving an abuse referral from school officials to believe that interviewing the child for two and one-half hours without notifying the parents did not violate a federally protected right. Pollard is, therefore, entitled to qualified immunity as a matter of law.

### III.

Plaintiffs' claims against the Tennessee Department of Human Services and their pendent state claims against Pollard have been abandoned on appeal, so those parts of the appeal are dismissed.

### IV.

The judgment of the district court is **REVERSED** and this matter is **REMANDED** for the court to grant summary judgment for Pollard.