Joseph Alan **ROPOLESKI**, Plaintiff,

v.

Irene K. **RAIRIGH**, Dawn I. Krupp, Eric E. Mis, William D. Camden, Pamela K. Whittemore, Barbara Smith, Sgt. Paul Robinson, and others to be named as discovered; jointly and severally, each in his or her own right and capacities, Defendants.

No. 1:94–CV–603.

United States District Court, W.D. Michigan, Southern Division.

May 22, 1995.

---

Joseph Alan Ropoleski, Wyoming, MI, in pro. per.

Irene Rairigh, Kentwood, MI, in pro. per.

Charles E. Chamberlain, Jr., Farr & Oosterhouse, Grand Rapids, MI, for defendant Krupp.

Teresa S. Decker, Bruce H. Vanderlaan, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for defendants Mis & Camden.

Pamela Chapman Enslen, Scott R. Sikkenga, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for defendant Smith.

William J. Garlington, Garlington & Associates, Wyoming, MI, for defendant Robinson.

## OPINION OF THE COURT

McKEAGUE, District Judge.

This case presents an action for deprivation of various civil rights under color of state law. Defendants are participants in post-divorce judgment controversies concerning the care and custody of plaintiff's minor daughter, controversies that are still pending in the Kent County Circuit Court and the Michigan Court of Appeals. Now before the Court are motions to dismiss brought by many of the defendants. The Court conducted a hearing on the motions on January 31, 1995. Plaintiff, who is proceeding pro se, did not appear at the hearing. Instead, he filed a four-page "statement for hearing," giving no explanation for his absence.

### I. FACTUAL BACKGROUND

According to the complaint, plaintiff Joseph Alan Ropoleski and his former wife, defendant Irene K. Rairigh, obtained a judgment of divorce in the Kent County Circuit Court on February 10, 1984. Physical custody of their daughter, Amanda Sue Ropoleski, date of birth August 31, 1980, was awarded to defendant Rairigh. Custody was transferred to plaintiff by stipulation on August 30, 1990. Since early 1993, there have been continuous disputes concerning custody, visitation and child support. The Kent County Friend of the Court has assisted in the management of these disputes, which are assigned to Kent County Circuit Judge Dennis B. Leiber.

Plaintiff is not happy with the way the disputes have been handled. In this action, he complains that defendant Rairigh has conspired with others to deprive him of constitutional rights such as equal protection, due process, freedom of association, family integrity and privacy. The others include named defendants Dawn I. Krupp, Rairigh's attorney; Friend of the Court officials Eric E. Mis, William D. Camden, and Pamela K. Whittemore; Newhall Junior High School

Principal Barbara Smith; and Sergeant Paul Robinson of the City of Wyoming Police Department. All pendent state law claims were dismissed by order dated September 21, 1994. The remaining claims against these defendants, contained in counts VI and VII, are brought ostensibly under 42 U.S.C. §§ 1983 and 1985(3). Although the complaint is lengthy, 58 pages, the allegations of civil rights violations are conclusory. Plaintiff alleges essentially that he is the victim of gender based discriminatory enforcement of court orders, laws and Friend of the Court policies. Plaintiff seeks compensatory damages, punitive damages and injunctive relief.

■ Defendants' motions to dismiss are brought under Fed.R.Civ.P. 12(b)(6), asserting plaintiff has failed to state a claim upon which relief can be granted. The motions test the legal sufficiency of the complaint. In evaluating the complaint, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to plaintiff. *Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir.1994). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.,* quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, the allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

## II. DEFENDANTS MIS AND CAMDEN

### A. Injunctive Relief

Defendant Camden is the Kent County Friend of the Court. Defendants Mis and Whittemore are Friend of the Court case managers who were assigned to the Ropoleski case.[1] Plaintiff alleges these defendants have violated his constitutional rights by fail-

ing to enforce defendant Rairigh's custody, visitation and/or support obligations.

■ To the extent plaintiff seeks injunctive relief, the Court declines to exercise jurisdiction. The reason is two-fold. First, an award of injunctive relief would run afoul of the interests safeguarded by the domestic relations exception to federal jurisdiction. See *Ankenbrandt v. Richards,* 504 U.S. 689, 701–05, 112 S.Ct. 2206, 2214–15, 119 L.Ed.2d 468 (1992); *Zak v. Pilla,* 698 F.2d 800, 801 (6th Cir.1982). The injunctive relief requested would, in essence, require the Court to issue an order enforcing the terms of the state court's divorce decree and post-judgment orders concerning custody, visitation and support. In *Ankenbrandt, supra,* the Supreme Court narrowed the scope of the domestic relations exception, but confirmed its continuing vitality to divest the federal courts of power to issue orders pertaining to divorce decrees and child custody orders. 504 U.S. at 703–05, 112 S.Ct. at 2215.

■ Second, abstention is appropriate under both the *Younger* doctrine and the *Burford* doctrine. Federal injunctive relief would represent an unwarranted interference with pending state court proceedings. It is clear from the allegations of plaintiff's complaint that the Kent County Circuit Court has played and continues to play an active role in the management of custody, visitation and support disputes between plaintiff and his former wife. As recognized in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, notions of comity critical to principles of federalism counsel against the exercise of federal jurisdiction under such circumstances. See also *Ankenbrandt,* 504 U.S. at 703–07, 112 S.Ct. at 2215–16.

■ Similar considerations also militate in favor of abstention under the principles set forth in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The requested injunctive relief, threatening interference with the Friend of the Court's statutorily defined discretionary authority, impli-

---

1. Service of process appears not to have been made upon defendant Whittemore. No proof of service has been filed and she has not appeared or defended. The claims against her are thus properly dismissed for lack of personal jurisdiction. See Fed.R.Civ.P. 4(m).

cates "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar." See *Ankenbrandt,* at 705–07, 112 S.Ct. at 2216, quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) (describing the requirements for *Burford* abstention); *Minot v. Eckardt–Minot,* 13 F.3d 590, 593–95 (2nd Cir.1994) (affirming abstention with respect to claims growing out of a pending custody dispute).

## B. Individual Capacity

To the extent plaintiff seeks damages for past violations of his rights, however, the above concerns are not as directly implicated. See *Hooks v. Hooks,* 771 F.2d 935, 942 (6th Cir.1985). The Court may, therefore, exercise jurisdiction over plaintiff's claims for damages against defendants Camden and Mis. In this regard, defendants contend they are immune from liability in damages, because their complained-of actions were taken in discharge of their statutory duties. M.C.L. § 552.501 *et seq.*

■ Indeed, absolute immunity has been extended to government officials who perform quasi-judicial duties. *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994). This rule grows out of recognition of "the need for government officials to be able to make impartial decisions without the threat of personal liability for actions taken pursuant to their official duties." *Id.,* at 847, n. 5. The actions here complained of are integral to the judicial process and are properly characterized as quasi-judicial or prosecutorial in nature. Defendants are entitled to absolute immunity from liability in their individual capacities. See *Johnson v. Granholm,* 662 F.2d 449, 450 (6th Cir.1981), *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982) (holding Michigan Friend of the Court employees absolutely immune from suit under § 1983); *Wagner v. Genesee County Bd. of Comm'rs,* 607 F.Supp. 1158, 1163 (1985) (accord).

## C. Official Capacity

■ This recognition of immunity does not dispose of the claims against Camden and Mis entirely. To the extent they are sued in their official capacities, the claims against them are in effect claims against the entity of which they are agents. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *Monell v. Dep't of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978); *Bush v. Rauch, supra,* 38 F.3d at 849. Defendants Camden and Mis are employees and, therefore, agents of Kent County. See M.C.L. §§ 552.503(4), 600.591(2); *Morrison v. Richerson,* 198 Mich.App. 202, 212, 497 N.W.2d 506 (1992). Kent County is not entitled to immunity. *Leatherman v. Tarrant County Narcotics Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993). However, the County cannot be held liable under § 1983 based solely on *respondeat superior;* plaintiff's injury must be shown to have been caused by a county policy or custom. *Id.; Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994). That is, plaintiff must show that a Friend of the Court policy or custom was "the moving force" of the alleged constitutional violation. *Id.* He must identify the policy or custom, connect it to the County, and show that his particular injury was incurred because of execution of that policy or custom. *Id.* at 287. Plaintiff has alleged that Camden and Mis acted pursuant to policy or custom and that their actions denied him due process and equal protection.

## D. Sufficiency of Allegations

■ Defendants contend the complaint consists of legal conclusions only and does not contain the requisite fact allegations in support of the above elements to make out a proper claim. The complaint need only contain a short and plain statement, giving defendants fair notice of the claims and the grounds upon which they rest. Fed.R.Civ.P. 8(a)(2); *Leatherman, supra,* —— U.S. at ——, 113 S.Ct. at 1163.

Plaintiff's § 1983 claims are contained in Count VI. The essence of the claims is contained in paragraph 34:

All defendants have denied plaintiff his constitutional rights to equal protection of the laws, due process, freedom of association, family integrity, and other property rights such as reputation, parent-child relationship, and privacy, among others, as guaranteed by the common law and the first, fifth, ninth, and fourteenth amendments to the United States Constitution by selectively enforcing or ignoring duties and policies under color of state law.

This, of course, is a mere legal conclusion. Paragraphs 32 and 33, however, expressly incorporate all foregoing allegations. Among these, in count I at ¶¶ 4 and 5, are more specific allegations concerning the wrongdoing of defendants Camden and Mis. Camden is alleged to have set policies and maintained actions that discriminate against Joseph Ropoleski and all men that have divorce cases with children; and to have selectively enforced or caused to be selectively enforced, policies of non-enforcement of reported visitation violations, non-enforcement of court orders involving support obligations, and discrimination in recommendations involving custody and support obligations. Mis is alleged to have denied plaintiff the benefit of Friend of the Court procedures that would have protected him from unfair treatment and violations of visitation and support obligations.

These allegations, read in light of the "history" which occupies pages 12–43 of the complaint, supply sufficient factual specificity to satisfy the liberal pleading requirements of Rule 8(a)(2). Whether they are sufficient to state a valid claim upon which relief can be granted, however, is another question.

## E.  Due Process

▆▆▆▆ Plaintiff asserts first that defendants' conduct has resulted in infringement of his right to family integrity without due process of law. Parents have a constitutionally protected liberty interest in the care, custody and management of their children. *Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982); *Williams v. Pollard,* 44 F.3d 433, 434–35 (6th Cir.1995); *Hooks v. Hooks,* 771 F.2d 935, 941 (6th Cir.1985). Any deprivation or infringement of this interest *by the state* must be attended by due process. *Williams, supra,* 44 F.3d at 434–35. The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law. It does not require the government to protect the life, liberty and property of its citizens against invasion by private actors. *DeShaney v. Winnebago County D.S.S.,* 489 U.S. 189, 195, 109 S.Ct. 998, 1002, 103 L.Ed.2d 249 (1989).

Here, plaintiff admits he has been awarded legal and physical custody of his daughter and that his former wife has been ordered to pay child support, despite her repeated efforts to change both circumstances. The injury he complains of, interference with his relationship with his daughter, is caused most directly by defendant Rairigh's alleged disregard of her child support obligation and abuse of her visitation rights. Defendants Camden and Mis are said to be indirectly liable because they failed to prevent or correct these abuses, allegedly due to policies informed by discriminatory animus toward men.

▆▆▆▆ Generally, a governmental entity cannot be held liable for actions of private citizens. *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064–65 (6th Cir.1994). Defendant Rairigh is a private citizen; her alleged misdeeds were not done under color of state law, but in violation of court order. The resultant injury is not fairly attributable to Friend of the Court officials simply because they might have prevented or minimized the injury but failed to do so. Nor do the duties imposed upon the Friend of the Court by state law create the sort of "special relationship" with plaintiff that would impose a substantive due process duty to protect him from injury by his former wife. See *DeShaney, supra,* 489 U.S. at 202, 109 S.Ct. at 1006; *Gazette, supra,* 41 F.3d at 1065 (duty to protect arises only if special relationship renders individual more vulnerable to danger).

Accordingly, the Court concludes the facts alleged do not make out a valid due process claim. Plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief under § 1983 against

defendants Camden and Mis for deprivation of liberty without due process.

## F. Equal Protection

Plaintiff also asserts an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires that persons similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Gender based discrimination is suspect and violates equal protection unless it is substantially related to a sufficiently important governmental interest. *Id.* at 441, 105 S.Ct. at 3255. Plaintiff does not allege that he has been subjected to adverse treatment because he is male, but that his former wife has been granted preferential treatment, to his detriment. Governmental agencies under statutory duties to protect persons within their areas of authority must do so on a fair and equal basis. Purposeful irrational discrimination in the discharge of such duties denies equal protection. See *DeShaney, supra,* 489 U.S. at 197, n. 3, 109 S.Ct. at 1004, n. 3; *Mody v. City of Hoboken,* 959 F.2d 461, 466 (3rd Cir.1992); *Hynson v. City of Chester Legal Dep't,* 864 F.2d 1026, 1030 (3rd Cir. 1988); *Watson v. Kansas City,* 857 F.2d 690, 694–95 (10th Cir.1988); *Bartalone v. County of Berrien,* 643 F.Supp. 574, 576–77 (W.D.Mich.1986).

Generally, an equal protection claim alleges either (1) that a challenged policy discriminates on its face; or (2) that, although facially neutral, the policy has a disparate impact on a given group; or (3) that the facially neutral policy has been administered unequally. *Watson, supra,* 857 F.2d at 696; *Wellmaker v. Dahill,* 836 F.Supp. 1375, 1385 (N.D.Ohio 1993). The allegations of the complaint indicate that plaintiff is relying on the third theory. Essential to his claim is the allegation not only that defendants' conduct had discriminatory effect, but that discriminatory purpose was a motivating factor. *Jones v. White,* 992 F.2d 1548, 1573 (11th Cir.1993); *Willhauck v. Halpin,* 953 F.2d 689, 711–12 (1st Cir.1991); *Watson, supra,* 857 F.2d at 694. "Discriminatory purpose" implies that the decision-maker selected a course of action *because of* its detrimental effects on an identifiable group. *Jones, supra,* 992 F.2d at 1573; *Willhauck, supra,* 953 F.2d at 712. Error, mistake in judgment or arbitrary administration in applying a facially neutral policy does not violate equal protection. *Jones,* at 1573.

Plaintiff has alleged, baldly, that Camden and Mis, both men, discriminated against him purposefully, pursuant to custom or policy, because he is a man. The complaint provides no factual detail in support of the claim. Plaintiff has not identified the discriminatory policy or custom with any specificity. His allegations offer no explanation as to why defendants' alleged lenient or preferential treatment of his former wife should give rise to a reasonable inference that intention to injure him in his relationship with his daughter, because he is a man, is the primary motivating factor. Not only is the claim not supported by factual details, but, even when viewed in the abstract, it is not supported by reasoned sense.

Though gender based discrimination is suspect, plaintiff as a male, is not a member of a group whose interests have traditionally been under-represented in the political process. Based on the facts alleged, the notion that plaintiff's injury is the result of gender based discrimination—rather than, for instance, an erroneous or even arbitrary exercise of discretion—is implausible. Plaintiff's equal protection claim is subject to dismissal as one "whose factual contentions are clearly baseless." *Cf. Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). To countenance such a claim under the alleged facts would be to invite disgruntled parents everywhere to embroil the federal courts in child custody and support disputes, matters traditionally and appropriately entrusted to the state courts, see *Ankenbrandt, supra,* 504 U.S. at 703–05, 112 S.Ct. at 2215, simply by alleging gender discrimination. This, the Court refuses to do.

Accordingly, the Court concludes plaintiff has failed to set forth facts making out a valid equal protection claim upon which relief can be granted in this Court. The equal protection claim against defendants Camden and Mis will be dismissed.

### G. Conspiracy

■ Finally, plaintiff alleges defendants Camden and Mis conspired with others to deprive him of his civil rights under 42 U.S.C. § 1985(3). Section 1985(3) provides a remedy, but no substantive rights in itself. *Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 226 (6th Cir.1991). The rights, privileges and immunities that § 1985(3) vindicates must be found elsewhere. *Id.*

Here, the substantive rights asserted by plaintiff are his rights to due process and equal protection in connection with maintenance of family integrity and his relationship with his daughter. Yet, the Court having determined, *supra*, that plaintiff has failed to set forth a cognizable claim based on either substantive right, it necessarily follows that his § 1985(3) conspiracy claim based on the same substantive rights must fail as well. *Michigan Protection & Advocacy Service, Inc. v. Babin*, 18 F.3d 337, 348 (6th Cir.1994); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989), *cert. denied*, 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). Plaintiff's count VII conspiracy claim against Camden and Mis is therefore subject to dismissal under Fed.R.Civ.P. 12(b)(6).

### III. DEFENDANT RAIRIGH

■ Defendant Rairigh is a private citizen. She cannot be proceeded against under § 1983 unless she can be deemed to have acted under color of state law by virtue of having willfully acted jointly with agents of the state in depriving plaintiff of his rights. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). She may be deemed a state actor if she "has acted together with or has obtained significant aid from state officials or because [her] conduct is otherwise attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982); see also *Ellison v. Garbarino*, 48 F.3d 192, 195–96 (6th Cir.1995); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992). Merely resorting to the courts and being on the winning side does not make one a joint actor with agents of the state. See *Dennis v.*

*Sparks, supra*, 449 U.S. at 28, 101 S.Ct. at 186.

■ Plaintiff's allegations are insufficient to justify a reasonable inference that defendant Rairigh acted in concert with defendants Camden and Mis to violate his civil rights. While plaintiff charges defendant with numerous torts, he has not alleged facts from which it could be concluded that Rairigh had reached a mutual understanding or meeting of the minds with Camden and Mis to violate his rights. See *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir.1993); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992), cited with approval in *Ellison, supra*; *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir.1989). Plaintiff's conclusory allegations in this regard are insufficient to transform Rairigh into a state actor for purposes of his § 1983 claims against her.

For the same reason, plaintiff's § 1985(3) conspiracy claim against defendant Rairigh is also defective. He has not alleged facts suggesting the existence of a conspiracy. See *Moore, supra*, 890 F.2d at 834. All remaining claims against Rairigh will therefore be dismissed under Fed.R.Civ.P. 12(b)(6).

### IV. DEFENDANT KRUPP

■ Defendant Dawn Krupp is the attorney who has represented Irene Rairigh in state court proceedings. She is no more a state actor than is her client. For the reasons stated in part III above, the claims against her must be dismissed.

### V. DEFENDANT SMITH

■ Defendant Barbara Smith is allegedly the principal of Newhall Junior High School in the City of Wyoming, where Amanda Ropoleski is or was a student. The allegations against her concern the wrongful withholding of information regarding Amanda from plaintiff, the custodial parent. The allegations are couched in terms of a state tort claim for intentional infliction of emotional distress, which claim has already been dismissed. There is no way the allegations can be reasonably construed as stating a claim against defendant Barbara Smith under § 1983 or § 1985(3) for denial of due

process or equal protection. Any claims against her contained in counts VI and VII must be dismissed.

## VI. DEFENDANT ROBINSON

█ Defendant Sergeant Paul Robinson, City of Wyoming Police Department, is alleged to have wrongfully refused to prepare a written report of plaintiff's parental kidnapping charge when, on December 13, 1993, defendant Rairigh abused her visitation rights. These allegations do not make out a valid claim under § 1983 or § 1985(3). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles,* 476 U.S. 54, 64, 106 S.Ct. 1697, 1704, 90 L.Ed.2d 48 (1986), quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); see also *Leeke v. Timmerman,* 454 U.S. 83, 86–87, 102 S.Ct. 69, 70–71, 70 L.Ed.2d 65 (1981); *Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566–67 (10th Cir. 1993). The claims against defendant Robinson are facially defective and must be dismissed.

## VII. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss will be granted, and plaintiff's complaint will be dismissed in its entirety. Plaintiff has, in sum, failed to state a claim upon which relief can be granted in this Court. This failure, the Court wishes to make clear, is not the function of plaintiff's lack of sophistication. *Cf., Jourdan v. Jabe, supra,* 951 F.2d at 110. Rather, the facts presented, which have been reasonably well pleaded, simply do not make out cognizable claims for deprivation of federally protected civil rights.